UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

CASE NO.:

JAMES WATSON,

    Plaintiff,

v.

CULINARY CONCEPTS, INC.

    Defendant.
_____/

# COMPLAINT

Plaintiff James Watson ("Plaintiff") by and through his undersigned counsel hereby sues Defendant Culinary Concepts, Inc. doing business as https://www.gr8food.net ("Defendant"), a Florida for profit corporation, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1.    Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been

given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1)&(2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide him a window into the world that he would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to him (a visually impaired customer) the ability to effectively communicate with Defendant's place of public accommodation despite using the available software for that purpose.

5. Plaintiff is also a "tester" for the purpose of asserting his civil rights and monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, the https://www.gr8food.net mobile website (hereinafter "mobile website") for the public (such as Plaintiff) to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, and is complementary and supplemental to the five Culinary Concepts managed restaurants which are located within this district.

7. Defendant manages (either directly or indirectly, through brother-sister entities or subsidiaries) five restaurants within the state of Florida as follows:

- "Pazzo! Cucina Italiana" (also referenced as "Pazzo!" located at 853 5th Avenue South, Naples, Florida 34102 (with the individual website https://www.pazzoitaliancafe.com, linked to https://www.gr8food.net mobile website, and which is directly owned by Defendant);

- "Chops City Grill" located at 8200 Health Center Boulevard, Bonita Springs, Florida 34135 (with the https://www.chopsbonita.com/ individual website which is linked to the https://www.gr8food.net mobile website) (which is not a party to this action);

- "Chops City Grill" located at 837 5th Avenue South, Naples, Florida

34102 (with an individual website https://www.chopscitygrill.com/ which is linked to the https://www.gr8food.net mobile website) (owned by Chops City Grill, Inc., which is not a party to this action);

- "Yabba Island Grill, located at 711 Fifth Avenue South Naples, Florida 34102 (with an individual website https://www.yabbaislandgrill.com/ which is linked to the https://www.gr8food.net mobile website) (owned by Yabba, Inc., which is not a party to this action); and

- "The Saloon" located at 23151 Village Shops Way, #103, Coconut Point Mall, Estero, FL 33928 (with the https://www.thesaloon.net/ individual website which is linked to the https://www.gr8food.net mobile website) (owned by Fishtale Investments, Inc., which is not a party to this action).

8. Each of these five restaurants is open to the public therefore each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2). These five restaurants are referenced individually or collectively throughout as "place(s) of public accommodation," or "restaurant(s)."

9. While Defendant is the (overall) manager of all five restaurants, Defendant is the direct owner and operator of the Pazzo! Cucina Italiana restaurant, and as the direct owner/operator of the Pazzo! Cucina Italiana restaurant which is a place of public accommodation, Defendant is a "Public Accommodation" within

meaning of Title III under 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2). Pazzo! Cucina Italiana restaurant is referenced herein as "Pazzo!," "restaurant," and "place of public accommodation."

10.     The https://www.gr8food.net mobile website is offered by Defendant as a way for the public to become familiar with each of the five restaurant's menu selections, as well as information on hours of operation, restaurant locations, and a little description of each restaurant's unique offerings. The mobile website also provides a link to reserve a table for dining within each of the unique restaurant locations (including Defendant's Pazzo! Restaurant), provides links to each individual restaurants' Facebook and Instagram pages, and links to each individual restaurant's individual website (see paragraph 7 for those individual website links), and provides other information Defendant seeks to communicate to the public. The mobile website also has  link to inquire and book private dining events at each restaurant  about including a section on "Faq's" about booking such events.  The mobile website also enables the public/ to purchase gift cards for exclusive use in all five Culinary Concepts managed restaurants (and check those gift card balances online). The mobile website allows the public to sign up for a "the Club Card" and download "The Club Card" app in order for the public to become 'frequent diner' member and receive awards for dining at the five restaurants. By the provision of menu selection, reservation services, and the ability to purchase gift cards online,

the mobile website is an integral part of the goods and services offered by Defendant on behalf of each of the five Culinary Concepts managed restaurants, including Defendant's own Pazzo! restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of the ADA[1], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

11. As the https://www.gr8food.net mobile website owner[2], Defendant also meets the definition of "Public Accommodation" pursuant to 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

12. Defendant's mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendant has subjected itself to the ADA because its mobile website is offered as a tool to promote, advertise and sell products and services from each of the Culinary Concepts (managed) restaurant locations as well as its own Pazzo! Restaurant location. As a result, Defendant's mobile website must interact with the public, which includes Plaintiff (a visually

---

[1] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

[2] See the privacy section of the mobile website

6

impaired person). Therefore, Defendant's mobile website must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[3]

13. Defendant's mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means of accommodation.

14. Like the seeing community, Plaintiff would like the opportunity to be able to use the https://www.gr8food.net mobile website to comprehend Culinary Concepts managed restaurant menu selections and to test for the ability to make reservations, inquire about private events, and to purchase gift cards online. However, unless Defendant is required to eliminate the barriers to Plaintiff's ability to communicate with Defendant through the mobile website, Plaintiff will continue to denied full and equal access to the mobile website and will be deterred from fully using that mobile website.

15. Plaintiff is continuously aware of the violations on the https://www.gr8food.net mobile website and is aware that it would be a futile gesture

---

[3] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

to attempt to utilize that mobile website as long as those violations exist.

16. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendant's practice.

17. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

19. The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

20. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material

8

available to individuals who are blind or have low vision.

21. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

22. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

23. The https://www.gr8food.net mobile website has been designed to integrate with Culinary Concepts managed restaurants through the provision of a reservation service, the ability to inquire about private events online and the ability to purchase gift cards to use within Culinary Concepts managed restaurants; therefore, the mobile website is an extension of each Culinary Concepts managed restaurant as well as Defendant's own Pazzo! restaurant. By and through its mobile website, Defendant extends each of the five restaurants into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Culinary Concepts

managed restaurants. Because Defendant's mobile website is integrated with, and is a nexus to, its brick-and-mortar restaurants, it is required by 28 C.F.R. Section 36.303 *et seq*. to provide effective communication to Plaintiff, as a visually impaired person.

24. Plaintiff attempted to access and test the https://www.gr8food.net mobile website, but was unable to do so because the mobile website contains barriers to effective communication for visually impaired individuals such as himself. Plaintiff continues to be unable to effectively communicate with Defendant through the mobile website and understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen reader software user) include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i. Guideline 1.3.1 Info and Relationships is violated. The *Rewards* table in the *Culinary Reward Benefit* PDF does not receive focus and is not announced. When a mobile VoiceOver screen reader software user opens the *Culinary Reward Benefit* PDF, focus starts on the second page of the PDF and skips the first page.

ii. Guideline 1.4.5 Images of Text is violated. The site does not use images of text (so that screen readers are unable to comprehend). The content in the *50% off* banner displayed at the top of the homepage is not announced. Instead, "banner 021 dot jpg" is announced and none of the content in the image is announced, so mobile VoiceOver screen reader software users are not aware of this "50% off" promotion.

iii. Guideline 2.4.3 Focus order is violated. The mobile website is required to

      provide focus in a logical order, and this has been violated. For example, When a mobile VoiceOver screen reader software user double-taps the *accessibility* icon, a popup is displayed with multiple accessibility tools. This overlay is not announced, and focus does not move to it. Instead of hearing the content in the popup, focus remains on the homepage, and the mobile VoiceOver screen reader software user hears multiple unlabeled elements from the homepage announced instead.

iv.    Guideline 3.3.2 Labels or Instructions is violated. Elements must be labeled and given instructions, and the mobile website fails to do so. For example, the *Social Media* icons are not labeled. Instead of hearing the name of the *social media* website, the restaurant name is announced again followed by "link."

25.    In this instant case, Defendant's mobile website reservation system is linked to a third party vendor. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to a third party vendor platform does not absolve Defendant of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to unequal treatment "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal.

January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

26. As the owner and/or operator and/or beneficiary of the mobile website which serves as a gateway to Culinary Concepts managed restaurants, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create, maintain and operate a mobile website that is accessible to Plaintiff so that he (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability comprehend menu selections and to test for his ability to make a reservation to dine within Culinary Concepts managed restaurants and to purchase gift cards online.

27. Defendant has violated the ADA by failing to interface the mobile website which is directly linked to its managed restaurants and to its own Pazzo! restaurant with VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations delineated within paragraph 24) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying Plaintiff effective communication on the basis of his disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

28. Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist.

29. As the result of the barriers to communication which are present within the mobile website and by continuing to operate and/or benefit from the mobile website with such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and has deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations available to the general public and has been deterred and discouraged from doing so. By benefiting from and/or maintaining a mobile website with barriers to effective communication, Defendant has deprived Plaintiff the equality of opportunity which it offers to the general public.

30. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's violations until Defendant is compelled to comply with the requirements of the ADA and conform the mobile website to WCAG 2.1 Level A and AA Guidelines.

31. Plaintiff desires to access the mobile website to assure himself that the mobile website is in compliance with the ADA so that he will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and

continuing fear of not being able to comprehend the Culinary Concepts (managed) restaurant menu selections, and test the Culinary Concepts managed restaurants' reservation service, test for the ability to inquire about private events online and to test for the ability to purchase gift cards online due to Defendant's non-compliance with the ADA with respect to the mobile website.

32. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and damage without the immediate relief as requested herein.

33. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter the mobile website to make it readily accessible to and usable by usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant Culinary Concepts, Inc. and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with Disabilities Act and 28 C.F.R. Section 36.303 *et seq.*;

b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain the mobile website which

      serves as a gateway to its Culinary Concepts managed restaurants to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c.   The Court issue an Order directing Defendant to alter the mobile website to the full extent required by Title III of the ADA;

d.   The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with the mobile website for purposes of comprehending Culinary Concepts managed restaurant menu selections, ordering/paying gift cards online, for making reservations to dine within each of the five restaurants, and for inquiring about space for private dining events, and during that time period prior to the mobile website's being designed to permit Plaintiff to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to effectively communicate so that he is not impeded from obtaining the goods and services which Defendant has made available to the public through the mobile website.

e.   The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards Plaintiff (a visually impaired person) for such reasonable time so as to allow Defendant to undertake

        and complete corrective procedures;

f.      The Court enter an Order directing Defendant to continually update and maintain the mobile website to ensure that it remains fully accessible and usable pursuant to Title III of the ADA;

g.      The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

h.      The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 19, 2022

                                    Respectfully submitted,

                                    */s/ J. Courtney Cunningham*
                                    J. Courtney Cunningham, Esq.
                                    J. COURTNEY CUNNINGHAM, PLLC
                                    FBN: 628166
                                    8950 SW 74th Court, Suite 2201
                                    Miami, Florida 33156
                                    Telephone: 305-351-2014
                                    Email: cc@cunninghampllc.com
                                    *Counsel for Plaintiff*